```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
CECIL M. DAMES,                                       :
                                                      :
                              Plaintiff,              :
                                                      :           18-CV-8352 (VSB)
              - against -                             :
                                                      :           **OPINION & ORDER**
SYDNEY PIGOTT, et al.,                                :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2019

Appearances:

Cecil M. Dames
New York, New York
*Pro se Plaintiff*

Ana Maria Vizzo
Gabrielle Apfel
Heidell, Pittoni, Murphy & Bach, LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Pro se Plaintiff Cecil Dames brings this action against Defendants Sydney Pigott, Steven Bastian, New York City Health and Hospitals Corporation ("NYC H&H"), and the City of New York (the "City"), alleging violations of 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's medical needs in connection with a dental procedure Plaintiff underwent while he was incarcerated. Before me is the motion of Defendants Bastian, NYC H&H, and the City to dismiss Plaintiff's complaint. Because the complaint fails to state a claim for municipal liability or to assert facts suggesting Defendant Bastian's personal involvement in the alleged constitutional violation, the motion to dismiss is GRANTED and Plaintiff's claims against

Bastian, NYC H&H, and the City are dismissed without prejudice. Because Defendant Pigott has not yet been served with a copy of the summons and complaint, I decline to analyze whether the allegations against Defendant Pigott fail to state a claim upon which relief may be granted, and instead direct in a separate Order that the United States Marshals Service again attempt service on Defendant Pigott.

I. **Background**[1]

On June 18, 2018, Plaintiff—who at the time was detained on a "parole hold" at the Eric M. Taylor Center ("EMTC") on Rikers Island—went to see Defendant Sydney Pigott, DDS, to have a tooth extracted. (Compl. 2, 4.)[2] In attempting to remove Plaintiff's tooth, Dr. Pigott drilled through the tooth, then through Plaintiff's gum, and into his nasal cavity. (*Id.* at 4.) Blood began to fill Plaintiff's nose and mouth and Plaintiff twice stopped Dr. Pigott and informed him that he was experiencing pain; Dr. Pigott responded that the procedure was nearly complete and continued to drill into Plaintiff's mouth. (*Id.*) Finally, after Plaintiff stopped Dr. Pigott a third time to complain of pain, Dr. Pigott informed Plaintiff that he could not continue the procedure because there was a risk that it might break Plaintiff's jaw. (*Id.*) Following this unsuccessful dental procedure, Dr. Pigott filed a false medical report that allegedly states that there were "no complications" with the extraction and that Plaintiff had indicated that he felt "no pain." (*Id.*) To the contrary, Plaintiff suffered from pain throughout the procedure, and asserts that he told Dr. Pigott that he was in pain at least three times. (*Id.*)

After the aborted dental procedure, Plaintiff suffered from ongoing pain as a result of the

---

[1] The following factual summary is drawn from the allegations contained in Plaintiff's complaint ("Complaint"). (Doc. 2.) I assume the allegations set forth in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to Plaintiff's Complaint, filed September 12, 2018. (Doc. 2.)

2

failed extraction and, for the next six weeks, each time he attempted to drink fluids, the liquid would pour out of his nose. (*Id.* at 5.) On August 3, 2018, Plaintiff underwent "major" surgery—a buccal fat pad graft—to repair the damage and was advised that additional surgeries may be necessary in the future. (*Id.* at 4–5.)

## II. Procedural History

Plaintiff filed his Complaint on September 12, 2018, naming Dr. Pigott, EMTC Warden Steven Bastian, NYC H&H, and the New York City Department of Corrections ("DOC") as Defendants, and setting forth allegations of deliberate indifference to Plaintiff's medical needs. (Compl. 1.) By Order dated October 24, 2018, (Doc. 6, at 2), Plaintiff's claims against the DOC were dismissed because an agency of the City of New York is not an entity that may be sued, and the City of New York was added as a Defendant. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The Order further noted that because Plaintiff had been granted permission to proceed *in forma pauperis* ("IFP"), (*see* Doc. 4), he was entitled to assistance from the Court in effecting service of process, (*see* Doc. 6, at 2; *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases.")). On November 20, 2018, Bastian and the City both waived service of the Summons and Complaint. (Docs. 13, 19.) The United States Marshals Service effected service on NYC H&H on December 14, 2018. (Doc. 19.) Defendant Pigott, however, was not served with a copy of the Summons and Complaint, and DOC declined to waive service of the Summons and Complaint on behalf of Defendant Pigott because he is not a DOC employee. (Doc. 14.)

On January 17, 2019, Bastian, NYC H&H, and the City (the "Moving Defendants") filed

3

a motion to dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 20–22.) Plaintiff subsequently requested an extension of time to file his opposition to the motion to dismiss to enable him to retain counsel. (Doc. 24.) On February 22, 2019, I granted Plaintiff's request and instructed him to file his opposition on or before April 4, 2019. (Doc. 25.) After Plaintiff failed to adhere to the April 4 deadline, I issued an Order on May 17, 2019, granting Plaintiff a final opportunity to oppose the pending motion to dismiss and advising Plaintiff that if he did not show good cause for his failure to timely submit an opposition by June 3, 2019, I would treat the motion as unopposed. (Doc. 26.) After Plaintiff again failed to respond to my Order, the City requested that I deem the motion to dismiss unopposed. (Doc. 27.) Finally, on June 21, 2019, Plaintiff submitted a brief letter, stating that he "oppos[es] the defendant[s'] motion to dismiss" and "believe[s his] medical records clearly show cause to proceed in this matter." (Doc. 29.) Given Plaintiff's pro se status, I will consider his June 21 letter as his opposition to the motion to dismiss, even though it was untimely filed. The Moving Defendants did not file a reply in further support of their motion.

## III. Legal Standard

### A. *Motion to Dismiss*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations:

4

the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### B. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (internal quotation marks omitted). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## IV. Discussion

### A. *Defendant Pigott*

As the Moving Defendants point out in their motion to dismiss, Defendant Pigott has not been served with a copy of the Summons and Complaint in this action. (*See* Defs.' Br. 1 n.1.)[3] Nor has Dr. Pigott waived service. (*See* Doc. 14 (Waiver of Service of Summons returned unexecuted as to Dr. Pigott, who is "[n]ot a DOC employee").)[4] Rather, Defendants' counsel notes, "[w]e anticipate that if and when service is completed, we will be asked to represent [Dr. Pigott]." (Defs.' Br. 1 n.1.) Because Dr. Pigott has neither been served nor waived service, has not appeared personally or through counsel, and, therefore, has not joined in the motion of the Moving Defendants to dismiss the Complaint, I find it premature to address the validity of Plaintiff's claims against Dr. Pigott. After Dr. Pigott has been served by the U.S. Marshals Service, he may—if he so chooses—file a separate motion to dismiss Plaintiff's claims against him.

### B. *Moving Defendants*

Although I decline to assess whether Plaintiff's claims against Dr. Pigott are sufficient to withstand a motion to dismiss, I conclude that the Complaint fails to state a claim against the Moving Defendants regardless of whether Plaintiff's § 1983 claims may proceed against Dr. Pigott.

---

[3] "Defs.' Br." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint Pursuant to F.R.C.P. Rule 12(b)(6), filed January 17, 2019. (Doc. 22.)

[4] Although the notices of appearance filed by Gabrielle Apfel and Ana Maria Vizzo indicate that they have "appear[ed] as trial counsel for all defendants in this matter," (Docs. 9, 12), "[s]imply filing a notice of appearance is insufficient to constitute waiver" of service, "even where the defendant has actual knowledge of the suit," *Gore v. RBA Group, Inc.*, No. 03 Civ. 9442(RJS), 2009 WL 884565, at *5 (S.D.N.Y. Mar. 27, 2009) (internal quotation marks omitted). In any event, it is likely that the reference in the notices of appearance to "all defendants" is an error since Defendants' counsel have indicated that they do not represent Defendant Pigott at this time. (*See* Defs.' Br. 1 n.1 ("We anticipate that if and when service is completed, we will be asked to represent [Dr. Pigott].").)

6

### 1. Applicable Law

"Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Section 1983 does not establish substantive rights, but it provides a means of redress for the deprivation of rights established elsewhere. *Id.* "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks omitted); *see also Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (explaining that the basis of liability under § 1983 "is personal participation by one who has knowledge of the facts that rendered the conduct illegal"). In this Circuit, the personal involvement of an individual acting as a supervisor of the primary wrongdoer may be established by demonstrating that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995).

A municipality or municipal corporation is liable under § 1983 "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted). Because the language of § 1983 makes clear that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a

constitutional tort," a municipality "cannot be held liable *solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). In order to succeed on a claim against a municipality under § 1983, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)).

When determining whether municipal liability applies, a court must "conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" *Cowan*, 95 F. Supp. 3d at 637 (quoting *Davis v. City of New York*, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002), *aff'd*, 75 F. App'x 827 (2d Cir. 2003)). In order to prevail, a plaintiff must allege either "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). A plaintiff cannot show a "policy" or "custom" sufficient to impose municipal liability merely by providing "[p]roof of a single incident of unconstitutional activity . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 841 (1985); *see also Cowan*, 95 F. Supp. 3d at 637 ("Generally, a custom or policy cannot be shown by

pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (internal quotation marks omitted)).

Further, a "[p]laintiff must . . . prove a causal link between the policy, custom or practice and the alleged injury in order to find liability against a municipality." *Brandon*, 705 F. Supp. 2d at 277; *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

### 2. Application

The Complaint does not contain any specific allegations against the City, NYC H&H, or Bastian. Therefore, on this basis alone, I find that dismissal of each of the Moving Defendants from this action is warranted.

#### a. Defendants City of New York and NYC H&H

Plaintiff has failed to state a claim for municipal liability against either the City or NYC H&H. NYC H&H is "a public benefit corporation created to provide health and medical services to New York City residents pursuant to [the] New York City Health and Hospitals Corporation Act." *Simpkins v. Bellevue Hosp.*, 832 F. Supp. 69, 73 (S.D.N.Y. 1993) (citing N.Y. Unconsol. Laws § 7382, *et seq.*). NYC H&H therefore qualifies as a "municipal corporation," whose liability under § 1983 is governed by the principles set forth in *Monell*. *Id.* (citing *Rookard v. Health & Hosps. Corp.,* 710 F.2d 41, 44–45 (2d Cir. 1983)).

Plaintiff's Complaint contains no allegations that either the City or NYC H&H has a "policy, custom or practice" of violating the constitutional rights of individuals in Plaintiff's position—much less that such a policy or custom was the proximate cause of Plaintiff's injuries. *See Gonzalez v. City of New York*, No. 14 Civ. 7721 (LGS), 2015 WL 6873451, at *9 (S.D.N.Y.

Nov. 9, 2015) (citing *Monell*, 436 U.S. at 694). The body of the Complaint, in fact, is entirely devoid of any references to either the City or NYC H&H. Plaintiff alleges solely that his rights were violated by Dr. Pigott, who injured him in the course of providing inadequate dental treatment, and then falsified the corresponding treatment records in an effort to conceal his misconduct. (Compl. 4.) These allegations—at most—relate to a "single instance of unconstitutional conduct by a mere employee of the municipality," and are therefore insufficient to demonstrate a municipal policy or custom. *Cowan*, 95 F. Supp. 3d at 637.

There are no allegations in the Complaint suggesting (1) that Dr. Pigott provided inadequate dental care pursuant to a formal policy; (2) that the officials responsible for establishing municipal policies endorsed or tolerated such conduct; (3) that the constitutional violations in question were part of a broader, widespread practice; or (4) that Dr. Pigott's conduct was the result of the City's or NYC H&H's failure to adequately train or supervise their employees. *See Brandon*, 705 F. Supp. 2d at 276–77. Moreover, Plaintiff acknowledges in his Complaint that he ultimately underwent oral surgery "to repair the damage that (Sydney Pigott) caused." (Compl. 5.) The fact that Plaintiff—while still incarcerated—received additional medical treatment to reverse the damage allegedly caused by Dr. Pigott further undercuts the notion that there was any "formal policy officially endorsed" by the City or NYC H&H condoning Dr. Pigott's alleged misconduct. *See Brandon*, 705 F. Supp. 2d at 276–77.

Accordingly, I find that the Complaint fails to allege any facts from which a juror could plausibly infer an unconstitutional custom, policy, or practice to warrant municipal liability under § 1983.

b. Defendant Bastian

The Complaint is similarly silent with respect to Defendant Bastian's involvement in the

alleged misconduct. *See Farrell*, 449 F.3d at 484 (requiring "personal involvement" of each defendant in the alleged constitutional deprivation). Plaintiff perhaps named Bastian as a Defendant given Bastian's supervisory role as warden of the facility where Plaintiff was incarcerated; however, "[t]he bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient" to sustain a § 1983 claim. *Colon,* 58 F.3d at 874; *see also Alvarado v. Westchester Cty.*, 22 F. Supp. 3d 208, 216 (S.D.N.Y. 2014) ("Section 1983 liability cannot be predicated on a theory of respondeat superior."). Here, the Complaint is devoid of any allegations suggesting that Bastian directed, endorsed, or was even made aware of the treatment Dr. Pigott provided to Plaintiff, and the Complaint also fails to allege that Bastian was grossly negligent in supervising Dr. Pigott. *See Colon*, 58 F.3d at 873 (setting forth examples of allegations that would support liability of a supervisory defendant under § 1983). In fact, Bastian is not mentioned a single time in the body of the Complaint. I therefore find that the allegations set forth in the Complaint wholly fail to support a § 1983 claim against Bastian. *See Hotter v. Schriro*, No. 16 Civ. 6586 (LAP), 2018 WL 2081863, at *6 (S.D.N.Y. Mar. 29, 2018) (dismissing claims where "Plaintiff ha[d] not pleaded facts sufficient to show that [the defendant hospital director] was personally aware of and involved in the treatment Plaintiff received").

### C. *Dismissal Without Prejudice*

Claims brought pro se typically are dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (unless there is no indication that the pro se plaintiff will be able to assert a valid claim giving rise to subject matter jurisdiction, leave to amend should be given). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation

marks omitted). I see no reason to deviate from the normal practice in this case. Accordingly, Plaintiff's § 1983 claims against the Moving Defendants are dismissed without prejudice.

### V. Conclusion

For the foregoing reasons, the Moving Defendants' motion to dismiss is GRANTED and Plaintiff's claims against the City, NYC H&H, and Bastian are hereby DISMISSED WITHOUT PREJUDICE.

An Order directing the U.S. Marshals Service to attempt service on Defendant Pigott will issue separately.

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to the pro se Plaintiff and to close the motion pending at Document 20.

SO ORDERED.

Dated: August 26, 2019
      New York, New York

Vernon S. Broderick
United States District Judge